OSCAR IRAHETA-ROSALES, Appellant-Defendant,
v.
STATE OF INDIANA, Appellee-Plaintiff.
No. 49A02-0905-CR-405.
Court of Appeals of Indiana.
January 29, 2010.
HILARY BOWE RICKS, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
GREGORY F. ZOELLER, Attorney General of Indiana, ZACHARY J. STOCK, Deputy Attorney General, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

NOT FOR PUBLICATION

MEMORANDUM DECISION
DARDEN, Judge.

STATEMENT OF THE CASE
Oscar Iraheta-Rosales appeals his sentence following a plea of guilty to two counts of class A felony child molesting and one count of class C felony child molesting.[1]
We affirm.

ISSUE
Whether Iraheta-Rosales' sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

FACTS
On or about July 7, 2008, Iraheta-Rosales took several children fishing at Eagle Creek Park in Indianapolis. At some point during the outing, Iraheta-Rosales led then-eleven-year-old I.A. away from the group. He then proceeded to fondle I.A.'s penis before telling I.A. to undress. Once I.A. had undressed, Iraheta-Rosales inserted his finger and then his penis into I.A.'s anus.
Upon questioning, Iraheta-Rosales claimed that I.A. had fondled him. He also admitted to inserting his finger into I.A.'s anus.
On July 16, 2008, the State charged Iraheta-Rosales with two counts of class A felony child molesting and one count of class C felony child molesting. The trial court scheduled a jury trial for March 23, 2009. Prior to the commencement of the trial, however, Iraheta-Rosales advised the trial court that he wished to withdraw his plea of not guilty. The trial court therefore held a guilty plea hearing, during which Iraheta-Rosales pleaded guilty as charged without the benefit of a plea agreement with the State.
The trial court accepted Iraheta-Rosales' guilty plea; ordered a pre-sentence investigation report ("PSI"); and on April 9, 2009, held a sentencing hearing. According to the PSI, Iraheta-Rosales had entered the United States illegally from El Salvador. Iraheta-Rosales also reported that he had been molested as a child.
The trial court found as mitigating circumstances that Iraheta-Rosales had no prior criminal history and had been molested as a child. The trial court found his position of trust to be an aggravating circumstance. The trial court then sentenced Iraheta-Rosales to forty years, with ten years suspended, on both Count I and Count II; and five years on Count III. The trial court ordered that the sentences be served concurrently for a total executed sentence of thirty years.

DECISION
Iraheta-Rosales asserts that his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). It is the defendant's burden to "`persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007).
In determining whether a sentence is inappropriate, the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." Childress, 848 N.E.2d at 1081. Indiana Code section 35-50-2-4 provides that a person who commits a class A felony "shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Indiana Code section 35-50-2-6 provides that a person who commits a class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years."
As to the nature of Iraheta-Rosales' offense, the record reflects that I.A.'s parents entrusted him to Iraheta-Rosales, a person they considered a friend of the family. During what should have been an enjoyable outing, Iraheta-Rosales lured I.A. away from the other children in the group. Once he had I.A. alone, Iraheta-Rosales fondled him and subjected him to deviate sexual conduct.
As to Iraheta-Rosales' character, he admitted to coming into this country illegally, which indicates disregard for the law. While he did accept responsibility for his crime by pleading guilty, we cannot say that this is a significant reflection of his character, where there was substantial evidence against him; thus, Iraheta-Rosales' decision to plead guilty may have been a pragmatic one. We therefore are not persuaded that his sentence is inappropriate, particularly given that he did not receive the maximum possible sentence.
Affirmed.
MAY, J., and KIRSCH, J., concur.
NOTES
[1] Ind. Code § 35-42-4-3.